IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROSE ADANMA DURU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:15-cv-1884-B-BN |
| | § | |
| STATE OF GEORGIA, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for screening pursuant to 28 U.S.C. § 636(b) and a standing order from United States District Judge Jane J. Boyle. For the reasons explained below, the undersigned recommends that Plaintiff Rose Adanma Duru's motion to proceed *in forma pauperis* ("IFP") [Dkt. No. 5] be denied and that she be ordered to pay the full amount to initiate this action. Further, if she fails to do so within a reasonable time, Plaintiff's action should be dismissed without prejudice for failure to prosecute and obey orders of this Court.

**Background**

This action is only one of the sixteen actions initiated by Plaintiff that have been filed in – or removed to – this Court since October 2014. To date, this Court has not granted Plaintiff leave to proceed IFP, and she has paid, voluntarily, some $2,000 in filing fees for actions that she has initiated in this Court.

This action continues Plaintiff's primary pattern of initiating a lawsuit in this district against entities and individuals located in Georgia for actions that she alleges occurred in Georgia. *See, e.g.*, Dkt. No. 3 at 3, 10-24, 26-27 (naming as defendants Georgia government entities and officials, companies identified as being in Georgia, and Georgia residents). In fact, the Court just dismissed another action filed by Plaintiff against solely Georgia defendants – some of whom she names as defendants in this action – in part on some of those defendants' argument that this Court lacks personal jurisdiction over them:

> Because the Court is deciding Moving Defendants' motion without an evidentiary hearing, it is Plaintiff's burden – not those defendants' – to present a *prima facie* case for personal jurisdiction. In neither the complaint – in which the only jurisdictional allegations as to all defendants tie them to the State of Georgia – nor in her response to the motion to dismiss – in which Plaintiff wrongly asserts that this Court "has jurisdiction over any resident of any state of the union," – does Plaintiff present a *prima facie* case, for either specific or general personal jurisdiction.
>
> Taking all allegations in Plaintiff's complaint as true, she still has failed to show a substantial connection between any defendant and the State of Texas. Thus, Plaintiff's claims against Moving Defendants should be dismissed under [Federal Rule of Civil Procedure] 12(b)(2). *See Kelley v. Bergamino*, No. 3:08-cv-887-B, 2009 WL 174131, at *2 (N.D. Tex. Jan. 23, 2009) ("Taking all factual allegations in Kelley's complaint as true, Kelley has failed to present a *prima facie* case for the Court's exercise of personal jurisdiction over the Defendants.... Therefore, the Court may dismiss the claims for lack of personal jurisdiction." (citations omitted)); *cf. NetKnowledge Techs., L.L.C. v. Baron Capital V, Inc.*, No. 3:02-cv-2406-M, 2003 WL 23201333, at *3 (N.D. Tex. July 24, 2003) (granting Rule 12(b)(2) motion – with the benefit of an evidentiary hearing – after noting plaintiff "ha[d] failed to provide sufficient evidence of minimum contacts to support even a *prima facie* case for specific or general personal jurisdiction, let alone to satisfy the burden of proof by a preponderance of the evidence").

*Duru v. TSPMG Kaiser Permanente Ga.*, No. 3:14-cv-3817-N, 2015 WL 3403946, at *6 (N.D. Tex. May 26, 2015) (some citations omitted).

Before this Court may consider whether it has jurisdiction over the defendants that Plaintiff has sued, however, it must first resolve whether Plaintiff is entitled to proceed IFP based on the financial affidavit that she has filed in this action [Dkt. No. 5]. *Cf. Izquierdo v. New Jersey*, 532 F. App'x 71, 73 (3d Cir. 2013) (per curiam) ("The District Court may ultimately be correct regarding abstention, but we express no opinion on the issue. Further, we acknowledge that the court may have intended to warn Izquierdo that, even if he elected to proceed, his complaint would be dismissed. Nonetheless, this perceived deficiency in Izquierdo's complaint does not justify denying leave to proceed IFP on non-financial grounds.").

## Legal Standards and Analysis

The standards governing IFP motions are set forth in 28 U.S.C. § 1915(a). The district court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who submits an affidavit ... that [he or she] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The Court must examine the financial condition of the applicant in order to determine whether the payment of fees would "cause [an] undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).

"[W]hether the litigant is 'unable to pay' the costs [associated with initiating a lawsuit, moreover,] ... depend[s] in part on [the] litigant's actual ability to get funds from a spouse, a parent, an adult sibling, or other next friend." *Williams v. Spencer*,

455 F. Supp. 205, 209 (D. Md. 1978); *see Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed *in forma pauperis*, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend." (citations and internal quotation marks omitted)); *Pisano v. Astrue*, Civil Action No. 11–30269–KPN, 2012 WL 79188, at *2 (D. Mass. Jan. 10, 2012) ("A number of courts have come to the same conclusion that the income and resources of a spouse, if not other close family members as well, are relevant to the determination of indigency under 28 U.S.C. § 1915.") (collecting cases).

After determining that a plaintiff will suffer no undue financial hardship if he or she is ordered to pay the filing fee to initiate an action, a court may dismiss a lawsuit without prejudice – for failure to prosecute and obey court orders – pursuant to Federal Rule of Civil Procedure 41(b) if a plaintiff fails to pay the filing fee as ordered by the court. *See, e.g., Martin v. Pearson*, 405 F. App'x 859, 860 (5th Cir. 2010) (per curiam). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). But a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* at 880; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Plaintiff's financial affidavit reveals that she receives $1,772.00 in monthly income. She also reports banking account balances totaling $720.00. While Plaintiff lists no assets and reports monthly expenses just exceeding her reported monthly income, she claims to spend a relatively high amount for food and reports that she spends $100 per month for recreation or entertainment. After a review of her affidavit, and particularly given her monthly income and bank balance, the undersigned concludes that requiring Plaintiff to pay the filing fee to initiate this action will not subject her to undue financial hardship. Accordingly, her motion for leave to proceed IFP should be denied.

## Recommendation

Plaintiff Rose Adanma Duru's motion for leave to proceed *in forma pauperis* [Dkt. No. 5] should be denied. If Plaintiff fails to pay the full amount to initiate this action ($400.00) within 21 days after any order adopting this recommendation, her case should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) without further notice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 5, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE